THEOPHILUS BROWN *vs.* ORRIN S. EGGLESTON AND ANOTHER, ADMINISTRATORS.

The act of 1882 (Session Laws 1882, p. 146), provides that whenever any person shall have a legal claim against any executor, administrator, guardian or trustee, for moneys paid or services rendered for the estate in the hands of such executor, &c., which ought equitably to be paid from such estate, the amount may be recovered in an action against such executor, &c., the judgment to be paid wholly out of such estate. Certain expenses were incurred by the plaintiff in a contest over two wills of a decedent that were presented for probate, both of which were disallowed, and administrators appointed on the estate. Held that the expenses thus incurred did not constitute a legal claim against the estate and therefore did not fall within the statute.

Brown v. Eggleston.

And held that it made no difference that the expenses were incurred at the request of a person who was afterwards appointed one of the administrators, and who after appointment promised to pay them.

And that it would have made no difference if the request had been made after the appointment, as the estate would not be liable under the statute unless the expenses were incurred for the estate and were such as ought equitably to be paid out of the estate.

The only remedy in that case would have been against the administrator at whose request the expenses had been incurred, who would be personally liable on general principles.

The statute was not intended to affect the relation of an executor or administrator to the party rendering services or paying money for the estate, but only to give the latter a right of action against the estate as a cumulative remedy.

Expenses incurred by an administrator before his appointment can be allowed by the probate court, where they are reasonable and have been incurred in behalf of the estate.

Whether the term "guardian" in the statute should not be construed as including conservators: Quære.

A conservator acts independently of his ward, and in all his transactions is alone the responsible party. Neither a conservator nor a guardian can bind the ward or his estate by his contracts.

But a conservator is not liable for debts incurred by the ward before his appointment. Such claims remain claims against the ward alone.

A judge of probate has no power to direct that money in the hands of a third party due to a ward shall be paid to the conservator to satisfy a balance due the conservator. Such a direction is not a judicial order, and would be invalid as not within the jurisdiction of the court.

Where a claim was made by the representatives of a deceased ward against the person making the payment to the conservator under such an order, it was held that the payment would be a good accounting for so much of the money in his hands, if the amount was really due the conservator from the estate of the ward.

[Argued May 26th—decided September 5th, 1885.]

ACTION for moneys expended and services rendered, brought by appeal from the judgment of a justice of the peace to the Court of Common Pleas. The complaint contained two counts, one for moneys expended and services rendered for Sabrina Main, of whose estate the defendants were administrators, in her life time, and the other for moneys expended and services rendered for the defendants as administrators of her estate. The defendants pleaded the general issue and a set-off. The case was tried to the court before *Mather*, *J.*, and the following facts found:—

Asa L. Gallup was on the 23d of October, 1878, appointed conservator of Sabrina Main, the intestate, and accepted the trust. She died on the 8th of September, 1881, and the defendants were appointed administrators of her estate. The probate court limited six months for the presentation of claims by creditors of the estate, within which time the plaintiff presented his claim, but Gallup presented no claim. A part of the plaintiff's claim was for services rendered and expenses incurred in the appointment of one Noyes as conservator of the said Sabrina, previous to the appointment of Gallup; a part for like services and expenses in the appointment of Gallup as conservator; a part for services rendered and moneys paid for the benefit of said Sabrina or her estate at the request of Gallup as her conservator; and a part for services rendered and expenses incurred, at the request of Alura J. Crandall, one of the defendants, in the hearing before the probate court with regard to the probate of two claimed wills of the said Sabrina; for which services and expenses it was agreed by said Crandall as administratrix that a reasonable sum should be paid.

The probate court, on September 27th, 1881, after the death of said Sabrina, allowed the account of Gallup as her conservator, showing a balance due him from her estate of $34.56; and on the 26th of October, 1881, the judge of the probate court directed the plaintiff to pay that sum to Gallup out of funds of the estate in his hands, and he paid him that sum accordingly. This sum was one of the items which the plaintiff claimed to recover in the present action.

After the death of the said Sabrina and before the appointment of the defendants as administrators, the plaintiff collected $105 due the estate for rent under a lease made by Gallup as her conservator in her lifetime.

The court allowed most of the items of the plaintiff's account, including the above $34.56, charged him the $105 rent received, and found a balance due him of $33.62, for which amount and costs judgment was rendered in his favor. The defendants appealed.

*A. B. Crafts*, for the appellants.

1. The first count is for an indebtedness contracted by Sabrina Main personally in her lifetime. Of the services and expenses charged those pertaining to the appointment of the successive conservators over her were not rendered or paid at her request, and so created no personal liability on her part. *Clowes* v. *Van Antwerp*, 4 Barb., 416. For the services and expenses after the conservator was appointed, rendered and paid out at his request, he alone, and not she or her estate, is liable. *Campbell* v. *Crandall*, 2 Root, 371; *Taylor* v. *Mygatt*, 26 Conn., 184; *Burke* v. *Terry*, 28 id., 414; *Thacher* v. *Dinsmore*, 5 Mass., 299; *Forster* v. *Fuller*, 6 id., 58; *Jones* v. *Brewer*, 1 Pick., 317; *Wallis* v. *Bardwell*, 126 Mass., 366.

2. The second count alleges an indebtedness contracted by the administrators for the benefit of the estate. But for services rendered or money paid at the request of the administrators they are liable personally and not as administrators, and no suit can be maintained against them in their representative capacity except under the statute of 1881 (acts of 1881, ch. 51), which applies only to the case of services rendered and moneys paid " for the estate " and which " should justly be paid out of such estate." Here the services rendered were in the unsuccessful attempt to establish a certain document as the will of the intestate. Such services are not rendered the estate, and cannot be recovered of the administrators, and do not fall within the statute. *Leavenworth* v. *Marshall*, 19 Conn., 417. If the services were rendered at the request of Alura Crandall, and if she afterwards promised to pay for them, she may be personally responsible, but nobody else.

3. The balance due Gallup as conservator, $34.56, was a claim on his part against the estate; but it should have been presented by him against the estate within the time limited, and not having been so presented is barred. *Norton* v. *Strong*, 1 Conn., 65. It was of no use for the plaintiff to present it as a part of his claim. He had no right to pay

VOL. LIII.—8

the amount to Gallup and then treat it as a claim of his own, unless as assignee of it, and he does not sue as such.

4. The defendants are entitled to recover the sum of $105 which was collected by the plaintiff after the death of the intestate from rents due the estate. *Sanford* v. *Hayes*, 19 Conn., 591; Gen. Statutes, p. 348, sec. 9.

*A. C. Lippitt*, for the appellee.

The material questions in this case are :—(1.) Whether the several items in the plaintiff's bill of particulars not settled in the lifetime of Sabrina Main, and those charges against her estate, subsequent to her decease, to the amount found by the court, are proper charges against her estate. (2.) If proper charges, whether the plaintiff has been paid.

1. Sabrina Main was put under the charge of Noyes as conservator September 1st, 1877, and October 23d, 1878, under the charge of Gallup as conservator. Gallup continued in this position until her death, September 8th, 1881. The court finds that his account was settled during her lifetime, except certain items of which a part were for expenses incurred previous to the appointment of Gallup and have not been paid. These are charges against the estate ; they certainly are not against the conservator. *Norton* v. *Strong*, 1 Conn., 70, 71. A conservator's duties are to manage the affairs and estate of his ward during the life of his ward. He is but the agent of the law.

2. The rest of the items in the plaintiff's bill of particulars to September, 1881, were services rendered and money paid for the benefit of said Sabrina or her estate by the plaintiff, at the request of her conservator, Gallup. None of these items could, in any way, be construed to be a debt of the conservator. They might be paid by him out of the funds in his hands belonging to her estate, and they were in fact paid and discharged—settled. The items from September 19th to 26th, 1881, were for services rendered and money paid for the benefit of her estate.

3. The item of $34.56 was money paid October 26th, 1881, by the plaintiff to the conservator to balance his account, by

Brown v. Eggleston.

direction of the judge of probate, out of moneys in his hands, to wit, $105, rent collected. The court of probate had accepted and allowed the conservator's account, finding this balance in his favor. The plaintiff paid this balance to the conservator, out of funds of the estate in his hands, by order of the court. This left the conservator with no claim against the estate, and the plaintiff, having thus paid the conservator, had no claim on him.

4. At the same time, with the consent and at the request of Alura J. Crandall, one of the administrators on the estate, he paid the further sum of $32 expense incurred by him at her request. The services were rendered in the probate court in connection with the estate of which she became administratrix. The agreement to pay was after her appointment and under her authority as administratrix. It would manifestly be a great hardship to require the executor or custodian of a will to present it to court under the penalty prescribed, and make him responsible, personally, for all costs and expenses in the event that it should not be accepted as the will of the testator. The law does not so require.

5. Sabrina Main died September 8th, 1881, and the defendants were appointed administrators October 25th, 1881. The plaintiff could not present his bill to the conservator, for his duties had ceased; the court of probate and administrators had succeeded. He presented his bill to the administrators in conformity with law. The court properly allowed the charges in his bill of particulars and the credit therein given. There is still due him, as found by the court, $33.62.

CARPENTER, J. On one point in this case we are constrained to say that the court below erred. The action is against the administrators of an intestate estate, the complaint consisting of two counts, one for a debt incurred by the intestate during her lifetime, and one for a debt accruing after her decease. She died September 8th, 1881. After her death two instruments, each purporting to be her last will and testament, were presented to the court of

probate. Both were contested and neither was approved as her last will. In the litigation concerning the proposed wills certain expenses were incurred by the plaintiff at the request of one of the defendants, and she, as administratrix, agreed that a reasonable sum should be paid therefor. The expenses thus incurred were allowed by the court below to the amount of $38 and interest. The sum thus allowed, improperly as we think, amounts to more than the balance found due to the plaintiff; hence it cannot be remitted, but the whole judgment must be reversed.

This court held in *Taylor* v. *Mygatt*, 26 Conn., 184, that an administrator has no power to make the estate a debtor, even for expenses legitimately incurred in the settlement of the estate, but that such expenses are claims against the administrator personally. See also *Chambers* v. *Robbins*, 28 Conn., 544. To some extent this is now changed by statute. Session Laws of 1882, p. 146. That statute is as follows:—

" In all cases in which any person shall have a legal claim against any executor, administrator, guardian or trustee, growing out of moneys paid or services rendered for the estate in the hands of such executor, administrator, guardian or trustee, and which should justly be paid out of such estate, an action at law may be brought by such claimant against such executor, &c., and if such claim shall be found to be a just one, and one which ought equitably to be paid out of such estate, judgment may be rendered in favor of such claimant to be paid wholly out of the estate."

Obviously this statute is not broad enough to cover this case. The claim must be against an executor or administrator, and must be a debt contracted by him in his representative capacity, and not a debt contracted by some other party before his appointment; and by the express terms of the statute it must be for moneys paid or services rendered for the estate in the hands of the executor, &c. If the title to the estate or any portion of it was in dispute, and expenses were incurred by the administrators in defending it, it might be truthfully said that such expenses were in-

Brown v. Eggleston.

curred for the estate, and they might well be recovered of the estate under this statute. But no one would presume to claim that expenses incurred in attacking the estate or its title should be paid from it. It does not appear whether the expenses allowed were incurred in endeavoring to establish the proposed wills or in resisting them. If the former, as they may have been, then they were incurred in a wrongful attempt to divert the estate from its legal course, and they should not have been allowed. If the latter, then they were incurred voluntarily, by parties interested in defeating the proposed wills, and before administration granted. Although such action may have been in the interest of the estate, yet the persons so acting had no power to bind the estate, because they were not legally authorized to represent it. The agreement of Alura J. Crandall, one of the defendants, that the expenses should be paid out of the estate, cannot bind the estate, because she had no power to make such an agreement; certainly not if the alleged agreement was made before her appointment. If made afterwards, even then the estate is not liable, unless it appears that the money paid or services rendered were for the estate, and " ought equitably to be paid out of the estate; " and there is no such finding in the case. But the expenses were evidently incurred before administration was granted.

The statute only contemplates expenses incurred by executors or administrators legally appointed and authorized to act as such, and cannot be made to apply to expenses previously incurred by interested parties. This is manifest from the further provision of the statute, that the creditor may at his election pursue his legal remedy against the executor or administrator personally. Of course nothing in this opinion is intended to prevent the court of probate from allowing to the administrators in their administration account any just and reasonable expenses incurred in behalf of the estate before administration. Upon the facts as they now appear, we think the plaintiff must seek his remedy in that direction, or against the administratrix personally.

The first three items of the plaintiff's account accrued in the proceedings to appoint conservators. The court found that they were reasonable charges for services rendered and moneys paid out. No objection is made that the services rendered and moneys paid were not for the benefit of the ward, and while she was without a conservator; but the objection is that the charges should have been made against the conservator personally.

The charges being proper, it was doubtless the duty of the conservator to pay them from funds in his hands and charge the money so paid in his account; but that duty devolved on him as conservator and did not make him a debtor in his private capacity. When the right to charge matured there was no conservator. Of course the charge could only be made against Mrs. Main. The relation of debtor and creditor between her and the plaintiff was then fixed, and that relation was not disturbed or changed by the appointment of a conservator. Hence, if a suit was necessary, she was the proper party during her lifetime to make defendant, and after her death her administrators. A conservator cannot be made personally liable for existing debts. There may be some liability if he neglects or refuses to pay or provide for them, but that liability does not go to the extent of making him personally a debtor to the creditor. We discover no error in allowing these items.

A portion of the account allowed by the court below accrued while the intestate and her estate were subject to the control and management of a conservator. The defendant insisted that these items, if proper charges at all, could not be charged to the ward, but should have been charged to the conservator. The court ruled otherwise, and that ruling is assigned as a reason of appeal.

An executor or administrator, as we have seen, has no power to bind the estate he represents by contract, except as such power may be implied from the statute of 1882 above referred to. But that statute was not in force when the services were rendered for which those charges were made. Moreover, the statute was not intended to affect

the personal liability of an executor or administrator ; its principal object seems to have been to give the creditor a right to collect his debt from the estate as a cumulative remedy. So that, if the word "guardian" in the statute may be interpreted as including conservators, as perhaps it may, still the statute will not affect the question now before us.

It has been repeatedly decided in Massachusetts that a guardian has no power to bind the ward or his estate by his contract. *Thacher* v. *Dinsmore*, 5 Mass., 299 ; *Forster* v. *Fuller*, 6 id., 58 ; *Wallis* v. *Bardwell*, 126 id., 366.

Administrators and guardians in this respect are closely analogous to conservators. The powers and duties of a conservator are defined in a general way by statute. He "shall have the charge of the person and estate of such incapable person;" "the conservator shall manage all the estate of his ward, and apply the net income thereof, and, if necessary, any part of the personal estate, to support him and his family and to pay his debts, and may sue for and collect all debts due to him." The statute neither expressly nor impliedly authorizes the conservator to make contracts in the name of the ward, and the ward is legally incapable of making a contract. A conservator, unlike an overseer, acts independently of his ward, and in all his transactions he alone is the responsible party. He is not however bound to contract debts and pay them from his own estate. The law places in his hands ample means for supplying himself with funds to meet all his obligations. If he suffers loss personally it must be through his own neglect. Sabrina Main being in fact and in law incapable of making a contract when the services were rendered, it is difficult to conceive how she or her estate can be held liable *ex contractu.*

Again. The services performed by the plaintiff, if proper, should have been performed by the conservator. The finding shows that they were in fact performed at his request. Regularly he should have paid for them and charged the amount paid in his account. Upon the presumption that he did his duty we must presume that he did so, and that

the amount paid was included in the balance found due him. As the record stands these items seem to have been erroneously allowed.

The fifth reason of appeal is, that the court should not have allowed the sum of $34.56, paid by the plaintiff to the conservator October 26th, 1881. That sum was paid by direction of the judge of the probate court. There is no finding that the administrators, who were appointed the day before, requested the payment. The objection is that the claim was not presented to the administrators as a claim against the estate by Mr. Gallup, and that there was no assignment by him to the plaintiff, although the plaintiff duly presented the claim.

We do not understand that the judge of probate had any power to direct as to the disposition of the funds in the plaintiff's hands. It was a mere personal direction and not a judicial order. Even if the probate court had ordered it, the order would have been invalid, because it was a matter not within its jurisdiction. So far as we can see, the only way to relieve the transaction from being a gratuitous payment is to regard it as a purchase by the plaintiff. In that event he could only recover as an assignee and upon a complaint adapted to the facts. There is therefore a technical difficulty in allowing this item as a basis of recovery; but there was no difficulty in allowing it as a set-off to the demand against the plaintiff, if it appeared that Mr. Gallup was justly entitled to it, and that the estate was benefited to that amount. We think that the court might properly treat it as an equitable accounting for so much money. That it was allowed as a set-off only is apparent from the fact that the judgment was for a less sum than the amount erroneously allowed.

The judgment is reversed and a new trial ordered.

In this opinion the other judges concurred.