JOHN M. MERWIN ET AL. APPEAL FROM THE DOINGS OF
COMMISSIONERS.

Third Judicial District, New Haven, June Term, 1899.  ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, JS.

A claim against the estate of a deceased person must rest on some obli-
gation which he voluntarily assumed, or which was cast upon him
by law.

In stating a claim for $6,000 against the estate of a deceased ward, the
claimant alleged that the conservator represented that his ward had
set aside $6,000 which would be paid, after her death, for extra ser-
vices, which the claimant thereupon and in consideration thereof
agreed with the conservator to render, and did in fact render, the
ward until her death; that such representation was untrue and that
the services rendered were necessaries and reasonably worth the
sum demanded.  *Held*: —

1. That the estate was not liable for the false representation of the con-
servator.

2. That inasmuch as the services were expressly alleged to have been
rendered under the special agreement to accept the $6,000 in pay-
ment, the claimant could not at the same time consistently ask to
recover their reasonable value upon the theory of an implied con-
tract.

3. That after the original statement of claim had been adjudged insuf-
ficient upon demurrer, the claimant was entitled, under General
Statutes, § 1029, to file a substitute statement alleging such facts as
would justify a recovery of the reasonable value of the services ren-
dered; and that the question whether the proposed substitute did
contain the necessary averments was one which ought not to be
summarily decided by refusing to permit it to be filed.

The case of *Donahue's Appeal*, 62 Conn. 370, distinguished.

General Statutes, § 1049, provides that actions may be maintained against
an "executor, administrator, guardian, or trustee," for claims grow-
ing out of moneys paid or services rendered for the estate in his
hands and which should justly be paid from said estate.  *Held* that
if the statute applied to conservators at all, it could not be invoked
in a proceeding to which the conservator was in no way a party.

Argued June 6th—decided August 1st, 1899.

APPEAL from the doings of commissioners in allowing a
claim against the estate of a deceased person, taken to the
Superior Court in Fairfield County and tried to the court,

*George W.. Wheeler, J.,* upon demurrer to the statement of claim filed by the claimant; the court sustained the demurrer and, after the motion of the claimant for leave to file a substituted statement of her claim had been denied (*Elmer, J.*), rendered judgment for the respondents, from which the claimant appealed for alleged errors in the rulings of the court. *Error.*

The bill of particulars filed by the claimant was this:—

" Estate of Mary E. Merwin.
　　　　　　　　　　　　" To Mrs. Hannah Witt, Dr.
" To nursing, watching, protecting, caring for, and performing services other than those intended by board bill for said Mary E. Merwin, five hundred and seven weeks, from December 1st, 1887, till August 27th, 1897, at twelve ($12) dollars per week, $6,084.00."

The statement of claim was as follows: " On or about the 27th day of September, 1886, Miss Mary E. Merwin, the appellant's testatrix, was declared insane, and Edwin Meeker was appointed her conservator by the Court of Probate for the district of Bridgeport. On or about October 1st, 1886, the said Mary E. Merwin was brought to the home of the plaintiff by said conservator and his agents, and said plaintiff agreed with said conservator to board the said Mary E. Merwin by the week, at the rate of six ($6) dollars per week. On or before December 1st, 1887, the plaintiff informed the conservator and his agents, that the said Mary E. Merwin was permanently insane, and that she would require fourteen ($14) dollars per week in addition to the six ($6) dollars per week, above mentioned, for the care, watching and necessary attention required by the said insane ward, which is more particularly described in the bill of particulars which is hereto annexed and made a part of this claim. Whereupon the said conservator, by his aforesaid agents, told the plaintiff that six thousand ($6,000) dollars had been set aside and appropriated by the ward for such person as should take care of her in her last sickness, and that if the plaintiff would continue to board

the ward for six dollars per week, said six thousand dollars would be paid to the plaintiff upon the death of the ward for such additional services as the plaintiff might render in the care, watching, nursing and protecting of said ward, other than said board. In consideration of this promise the plaintiff agreed to care for the ward, as herein stated, and perform said additional services.

"On or about the 28th of October, 1891, said Edwin Meeker, conservator, died, and Edward F. Meeker was appointed his successor upon the 19th day of November, 1891, by the said Court of Probate for the district of Bridgeport, and the said Edward F. Meeker continued to act as said conservator until the death of his said ward. Upon the 27th day of August, 1897, the ward died, leaving a will which has been probated, and the said defendant was duly appointed by said Court of Probate as administrator of said ward's estate. The plaintiff has duly performed said additional services. Said services were necessaries. Said conservator after the death of said ward, notified the plaintiff that said six thousand ($6,000) dollars had not been set aside for the plaintiff, as represented. The care of said ward and services so rendered by the plaintiff in addition to the board, were reasonably worth fourteen ($14) dollars per week. Neither the conservator nor the defendant has paid the same.

"The plaintiff, immediately upon being informed by said conservator that said six thousand ($6,000) dollars had not been set aside and appropriated as above stated, brought her action against said Edward F. Meeker, conservator, and attached the estate of said ward in the hands of said conservator, and said suit pending and said attachment being in force, the administrator of said Mary E. Merwin agreed with the plaintiff that if said suit was withdrawn and said attachment released, the said claim of the plaintiff should be presented to him as such administrator, and said estate declared insolvent, and commissioners thereon appointed, and said claim passed upon by said commissioners. In consideration of which agreement the plaintiff withdrew said suit and released said attachment, and said estate was declared insolvent and

said claim was presented to said commissioners, and it is from the allowance of said claim by said commissioners that the administrator takes this appeal. The plaintiff claims $6,084."

This was held insufficient on demurrer, because based on an untrue representation made by the conservator, for which he, if any one, only would be liable, and because it did not appear that the claim was for necessaries, nor that the conservator had neglected to supply all the needs of the ward.

A motion was then seasonably made for leave to file a substitute statement of claim, as follows : " On the first day of December, 1887, Mary E. Merwin, late of Bridgeport, now deceased, was, and for a long time previous thereto had been, and thereafter and until her death on August 27th, 1897, continued to be insane. On and before the first day of December, 1887, Edwin Meeker, late of said Bridgeport, now deceased, was the duly appointed and constituted conservator of said Mary E. Merwin, and continued as such conservator aforesaid until her decease as aforesaid. From December 1st, 1887, to August 27th, 1897, the claimant rendered services in nursing, watching, protecting and caring for said Mary E. Merwin. Said services were necessary and of great value to the said Mary E. Merwin. Said services so rendered by the claimant as aforesaid were not intended by her to be gratuitous, but were rendered under the expectation on her part of being compensated therefor from the estate of the said Mary E. Merwin. Such of said services as were rendered as aforesaid from December 1st, 1887, to the time of the decease of Edwin Meeker, conservator, as aforesaid, were rendered with the full knowledge and assent of said Edwin Meeker, conservator, as aforesaid. Said Edwin Meeker, conservator as aforesaid, also had full knowledge from December 1st, 1887, to his decease as aforesaid, that the claimant was not intending said services so rendered as aforesaid to be gratuitous, but was rendering such services as aforesaid, under the expectation of being compensated therefor from the estate of said Mary E. Merwin. Such of said services rendered as aforesaid as were rendered from and after the appointment of Edward F. Meeker, as conservator aforesaid,

to the decease of said Mary E. Merwin, as aforesaid, were rendered with the full knowledge and assent of the said Edward F. Meeker, conservator as aforesaid. The said Edward F. Meeker, conservator as aforesaid, also had full knowledge from his appointment as such conservator aforesaid to the decease of the said Mary E. Merwin, as aforesaid, that the claimant was not intending said services so rendered during said time to be gratuitous, but was rendering such services under the expectation of being compensated therefor from the estate of Mary E. Merwin. Said services were reasonably worth twelve dollars per week during all of said time from December 1st, 1887, to the decease of Mary E. Merwin as aforesaid. The claimant has never been paid anything for or on account of said services so rendered."

· This motion was denied on the ground that the proposed statement was substantially the same as the former one.

*William H. Williams*, for the appellant (claimant).

*V. R. C. Giddings*, for the appellees (respondents).

BALDWIN, J. The original statement of claim was of a twofold character. It was for necessaries furnished to an insane person, which were reasonably worth $6,084; it was also for breach of a special undertaking by the conservator that, upon the ward's death, $6,000 would be paid from her estate in compensation for these same necessaries. It is expressly alleged that they were in fact furnished under an agreement made in consideration of this promise of the conservator. Had the promise been made by the ward, while sane, instead of her conservator, it would have excluded any resort to an implied contract. A special agreement to accept $6,000 for services to last during a lifetime, and which therefore might terminate in a month or might run through half a century, is inconsistent with any right to ask payment for their actual value. *Donahue's Appeal*, 62 Conn. 370, 375. That the promisor was not the person to be immediately benefited makes no difference as respects this rule of law. If the

claimant was entitled to compensation, it was an agreed sum, to be derived from a particular source.

A claim against the estate of a deceased person must rest on some obligation which he voluntarily assumed, or which was cast upon him by law. No suit could have been maintained against Mary E. Merwin during her lifetime for the value of the necessaries in question; for they were furnished under a special contract with another, and on the credit of a particular fund, to become available upon her decease. *Mass. Gen. Hospital* v. *Fairbanks*, 129 Mass. 78. No obligation was ever assumed by her or by her conservator to provide compensation for them out of her estate in his possession. If the claimant had any remedy, it was against the person on whose promise and representation she relied.

It is contended that the presentation of this claim to the commissioners on the ward's estate was justified by General Statutes, § 1049. If that statute applies to conservators, it certainly cannot be invoked in a proceeding to which a conservator is in no way a party.

It follows both that the demurrer to the original statement of claim was properly sustained, and that there was error in refusing leave to file the statement which it was proposed to substitute.

The latter is for the reasonable value of necessaries furnished to the ward, in the expectation of compensation out of her estate, and with the knowledge and assent of the conservator. If its averments can be read as importing that the conservator neglected to make any other provision for watching and nursing her, they are a sufficient foundation for the claim. Whether they can be thus read was not a matter to be summarily decided by denying an opportunity to present them in regular course to the consideration of the court. *Freeman's Appeal*, 71 Conn. 708.

The claimant had a statutory right to file her "substitute statement of claim," unless it was one "changing the ground of action." General Statutes, § 1029. She had attempted to combine two grounds of action in her original statement. In that which she proposed to substitute for it, she relied on

one of these still, but put it forward in connection with certain additional circumstances. The case is unlike *Donahue's Appeal, supra*, in which a claim for breach of an executory agreement, made in consideration of a promise to perform services, was held not so amendable as to make it one for the reasonable value of services rendered. Here the actual performance of valuable services was explicitly alleged as a ground of recovery, both in the original and the amended statement, and reiterated in the bill of particulars. See Practice Book, p. 12, Rule II, § 3; *Brewster* v. *Aldrich*, 70 Conn. 51.

There is error, the judgment is set aside, and the cause remanded with directions to reverse the order denying the motion to amend.

In this opinion the other judges concurred.