WILLIAM H. HAMILTON *vs.* EDWIN S. PICKETT,
CONSERVATOR, ET AL.

Third Judicial District, New Haven, June Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

A conservator is not liable for wearing apparel furnished without his
knowledge or approval to the wife of his ward, in the absence of
any evidence tending to prove that he had withheld from them nec-
essaries suitable to their fortune and condition in life. To permit
a verdict against the conservator to stand, under such circum-
stances, would defeat the very purpose of the statute, § 240 (Rev.
1918, § 4888), which is to prevent an incompetent from recklessly
and unnecessarily expending his money.

General Statutes, § 739 (Rev. 1918, § 5771), permits an action to be
brought against an "executor, guardian, or trustee" for just claims
growing out of moneys paid or services rendered for the estate in
his hands. *Held* that if this statute applied at all to conservators,
it could not be invoked in a transaction to which the conservator
was not a party and of which he had no knowledge.

Civil actions demanding damages of $100 or less in the City Court of
New Haven, are not appealable to the Court of Common Pleas in
New Haven County; the only remedy is by a direct appeal from
the judgment of the City Court to this court for the revision of
alleged errors of law.

Argued June 7th—decided July 23d, 1918.

ACTION against a conservator and the wife of his
ward to recover the price of wearing apparel furnished
the wife for her personal use, brought to the City Court
of New Haven and tried to the jury before *Hoyt, J.;*
verdict and judgment for the plaintiff against both
defendants, and appeal by the defendant conservator.
*Error and new trial ordered.*

Before appealing to this court, the defendant conser-
vator filed an appeal to the Court of Common Pleas
for New Haven County, which the trial court refused
to allow. *No error in this refusal.*

The principal question is whether the trial court

erred in denying the defendant's motion to set aside
the verdict as against the evidence. The most that
the evidence of both sides tended to prove was, that
the appellant is the conservator of Jerome H. Owens,
a man over eighty years old, who, since the spring of
1916, has been under a conservator. This defendant
succeeded a prior conservator, and was appointed
March 12th, 1917. In January, 1917, Mr. Owens, the
incompetent, married a woman considerably younger
than himself. He was living with his wife and receiving
support for himself and wife from the defendant con-
servator, when the purchases in question were made.
Between March 24th and April 6th, 1917, the wife of
Mr. Owens personally purchased from the plaintiff
various articles of merchandise, the dates, prices and
descriptions of which are set forth in the bill of partic-
ulars as follows:—

| 1917 | | | |
|------|----|-----------------|--------|
| Mar. | 24 | House Gown | $2.95 |
| | | House Gown | 1.25 |
| | | Bath Robe | 10.50 |
| | | Waist | 1.95 |
| | 26 | Gown | 30.00 |
| | 29 | N. Gown | 1.49 |
| | | Chemise | 1.49 |
| | | Chemise | .95 |
| Apr. | 2 | N. Gown | 1.95 |
| | | Petticoat | 2.95 |
| | 6 | Changes on gown | 3.00 |
| | | Gown and changes | 23.50 |
| | | | $81.98 |
| Apr. | 3 | Credit Bath Robe | 10.50 |
| | | | $71.48 |

When these goods were purchased the wife was not accompanied either by her husband or his conservator. It also appears that these goods were bought by the wife without the knowledge or approval of the conservator. It was conceded that the amount and value of Mr. Owens' estate at this time was about $14,000. The conservator was making an allowance of $15 per week to Mr. Owens and his wife for their support. This amount was fixed by Mr. Owens, and it does not appear that either Mr. Owens or his wife claimed to the conservator that this allowance was not sufficient for their proper maintenance and support. Neither was it shown that Mrs. Owens actually needed the goods which were purchased, or that the conservator had failed to furnish her or Mr. Owens with necessary wearing apparel or means to provide it.

*Edwin S. Pickett,* for the appellant (defendant conservator).

*Sidney C. Rosenberg,* for the appellee (plaintiff).

RORABACK, J. The disposition of this case as it now presents itself to this court depends in part upon the construction of § 240 of the General Statutes (Rev. 1918, § 4888), the material portion of which reads as follows: "The conservator shall return an inventory, under oath, of the estate of the incapable person, and shall manage all such estate and apply so much of the net income thereof as may be required, and, if necessary, any part of the principal of the estate, to support him and his family, and to pay his debts, and may sue for and collect all debts due to him."

It would be a novel construction of this statute, and have a pernicious effect, to sustain the plaintiff's claim upon the facts before us. It appears that this bill was

contracted by the wife of an incompetent person whose
estate was under the management of a conservator,
without his knowledge or approval, and when it was
not shown that the conservator had withheld from his
ward or his wife necessaries suitable to their fortune
and condition in life.  To allow such a claim would
defeat one of the principal objects for the appoint-
ment of a conservator, which is to prevent an incompe-
tent from making reckless and unnecessary expenditures
of his money.  The legal obligations and duties of a
conservator are in some respects similar to those of a
guardian.  "An action will not lie against a guardian
on a contract made by the ward, but must be brought
against the ward and may be defended by the guard-
ian."  1 Parsons on Contracts (9th Ed.) * 136.  In
this case there are no elements of contract, express or
implied, as the conservator was not directly or in-
directly a party to this transaction.

The plaintiff places reliance upon the provisions of
§ 739 of the General Statutes (Rev. 1918, § 5771), which
provides that actions may be maintained against an
"executor, administrator, guardian, or trustee," for
claims growing out of moneys paid or services rendered
for the estate in his hands, and which should, justly, be
paid from said estate.  In the construction of this stat-
ute, which was then § 1049 of the Revision of 1888, this
court held that "if the statute applied to conservators
at all, it could not be invoked in a proceeding to which
the conservator was in no way a party."  *Merwin's
Appeal*, 72 Conn. 167, 43 Atl. 1055.  In that case
(p. 172), which was a claim for the reasonable value of
necessaries furnished to the ward in the expectation
of compensation out of her estate, and with the knowl-
edge and assent of the conservator, we said:  "If its
averments can be read as importing that the con-
servator neglected to make any other provisions for

watching and nursing her, they are a sufficient foundation for the claim." In the present case the jury concluded that the defendant was liable, although it was shown that the purchases in question were made without the assent or approval of the conservator and when it did not appear that the conservator had acted without due regard to the ward's necessities and liabilities. Such a conclusion could not have been reasonably reached by the jury from the evidence. It follows, therefore, that the defendant's motion to set aside the verdict should have been allowed.

Other questions presented by the appeal do not require consideration, except that we ought to observe that there was no error in the court's denial of the defendant's right of appeal, from the judgment rendered, to the Court of Common Pleas for New Haven County.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.