21758. GREER v. GREER, Guardian, et al.

QUILLIAN, Justice. 1. This is not a suit in which the right of recovery is based upon the plaintiff having furnished necessaries upon the failure of the guardian to supply the same, for the reason that, while the services rendered were in the category of necessaries and the renovation of the buildings on the ward's premises may have been, it clearly appears from the averments of the petition that the services were rendered at the behest of the guardian and the money advanced by the plaintiff was furnished with the approval and at the direction of the guardian. In this connection observe the requirements of *Code* §§ 20-201 and 20-206. *Mauldin v. Southern S. & B. Univ.*, 126 Ga. 681 (1) (55 SE 922, 8 AC 130); *Nicholson v. Spencer*, 11 Ga. 607; *McAllister v. Gatlin*, 3 Ga. App. 731 (1) (60 SE 355).

2. Where, as in the instant case, a will appointing a testamentary guardian of an incompetent to whom a life estate in lands is devised only confers upon the guardian authority to manage the lands for the benefit of the ward, he can not without the approval of the ordinary contract a debt binding upon the ward's estate for the services of another in caring for the ward. *Code Ann.* § 49-213 (Ga. L. 1866, p. 87; Ga. L. 1958, pp. 673, 678); *Fidelity & Deposit Co. v. Rich*, 122 Ga. 506 (1) (50 SE 338); *Rich & Bros. v. Fidelity & Deposit Co.*, 126 Ga. 466 (55 SE 336).

3. In the circumstances stated by the preceding syllabus, the guardian is without authority to create a debt binding upon the ward's estate, for money advanced by another to remodel or renovate houses on the ward's premises without approval of the ordinary or judge of the superior court. *Code Ann.* § 49-226 (Ga. L. 1958, pp. 673, 679; 1959, p. 171). See also *Code Ann.* § 49-213, supra, and *Code* § 20-206.

4. Where the plaintiff's entire case is predicated upon the alleged right to recover debts of the nature hereinbefore referred to,

and legal authority of the guardian to incur such debts does not appear from the averments of the petition, no cause of action is set forth.

5. This court has jurisdiction of the present case because the petition sought to set up an equitable lien in favor of the plaintiff against the lands of the ward Hulsey Greer, and prayed that the court decree that the ward's lands be sold to satisfy the plaintiff's claim against the same. The facts set out in the petition did not show the plaintiff had a valid equitable lien against the property. Thus, it appears the averments of the petition and the prayer for relief made a bad equity case. *Hicks v. Atlanta Trust Co.*, 187 Ga. 314, 315 (200 SE 301); *O'Rear v. Lamb*, 194 Ga. 455, 462 (22 SE2d 74).

The trial judge did not err in sustaining the defendant's general demurrer and in dismissing the petition.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 11, 1962—DECIDED OCTOBER 4, 1962—
REHEARING DENIED OCTOBER 22, 1962.

*Guy D. Jackson, Sr., D. B. Phillips,* for plaintiff in error.
*Webb & Fowler, Telford, Wayne & Smith,* contra.