JOSEPHUS E. ELMENDORF *v.* STELLA POPROCKI, CONSERVATRIX (ESTATE OF JOHN POPROCKI)

KING, C. J., ALCORN, HOUSE, COTTER and THIM, JS.

Argued April 6—decided May 23, 1967

*Theodore I. Koskoff,* with whom were *Serge G. Mihaly* and *Mitchell S. Fenton,* for the appellant (defendant).

*Abraham Zweigbaum,* for the appellee (plaintiff).

THIM, J.  The plaintiff, a real estate broker, brought this action against the defendant, the conservatrix of the estate of John Poprocki, an incapable person, to recover the reasonable value of services he claimed to have rendered to the estate of the ward.  The action was brought against the conservatrix solely in her fiduciary capacity and not against her as an individual.  The plaintiff alleged that on November 2, 1960, the conservatrix entered

into an agreement with Howard C. Merk, wherein she, as conservatrix, gave Merk an option to purchase, on or before December 30, 1960, a certain ten-acre parcel of real property which was owned by her ward. The agreement recited that if the sale was consummated, the conservatrix would pay the plaintiff a brokerage fee of $5000. Merk did not exercise his option by the date specified in the agreement. Nevertheless, the plaintiff continued his efforts to persuade Merk to purchase the property, and on December 21, 1962, the conservatrix sold the property to Merk for $95,000, the same purchase price which was recited in the earlier option agreement. The plaintiff alleged that his efforts were the predominating cause of the sale of the property to Merk and that his services were rendered under circumstances indicating that he expected to be paid for them. Consequently, he sought to recover $7250 as the reasonable value of his services.

The case was tried to a jury, which returned a verdict in favor of the plaintiff. The conservatrix made a timely motion to set aside the verdict, claiming that it was contrary to the law. She asserted that her ward's estate could not be held to answer for the commission claimed, because she had no power to bind her ward's estate to pay that commission without the express approval of the Probate Court, and that any liability incurred to the plaintiff was hers individually. The court denied the motion to set aside the verdict and rendered judgment on the verdict. The conservatrix appealed from that judgment, claiming that the court erred in denying her motion to set aside the verdict. The single issue presented by the appeal is whether a conservatrix, without the express approval of the Probate Court, can bind the estate of her ward to

an implied contract to pay a substantial commission to a real estate broker.

The power to appoint a conservator of a person incapable of managing his own affairs is vested in the Probate Court. General Statutes § 45-70. That court is primarily entrusted with the care and management of the ward's estate, and, in many respects, the conservator is but the agent of the court. *Shippee* v. *Connecticut Trust Co.,* 115 Conn. 326, 330, 161 A. 775; *Johnson's Appeal,* 71 Conn. 590, 597, 42 A. 662. A conservator has only such powers as are expressly or impliedly given to him by statute. See *Stempel* v. *Middletown Trust Co.,* 127 Conn. 206, 221, 222, 15 A.2d 305. In exercising those powers, he is under the supervision and control of the Probate Court. *Johnson's Appeal,* supra.

In the present case, the plaintiff claims that the conservatrix, by impliedly promising to pay him the reasonable value of his services if he procured a purchaser for a ten-acre parcel of her ward's real estate, obligated her ward's estate to an implied contract. A conservator has an implied power to enter into contracts on behalf of his ward's estate where such contracts involve the exercise of the express or implied powers which are granted to the conservator by statute. *Stempel* v. *Middletown Trust Co.,* supra, 222. If such a contract has been previously authorized by the Probate Court, or is subsequently approved by that court, the ward's estate will be bound thereto. Id., 222, 223; *Johnson's Appeal,* supra, 598. The authorization or approval by the Probate Court, however, is essential, and without it the ward's estate is not liable. *Greer* v. *Greer,* 218 Ga. 416, 128 S.E.2d 51; *Dean* v. *Estate of Atwood,* 221 Iowa 1388, 1394, 212 N.W. 371; *Mitchell* v. *McDonald,* 114 Mont. 292, 301, 136

P.2d 536. While a conservator, as any other fiduciary, may act at his peril and on his own personal responsibility, before his ward's estate can be directly obligated to pay for services rendered to that estate at the request or with the knowledge of the conservator, the Probate Court must expressly approve the necessity and propriety of the utilization of those services and the reasonableness of the charge demanded for them.

Applying these principles to the present case, we find that, under our statutes, a conservator is powerless to sell his ward's real estate without the prior express authorization of the Probate Court. General Statutes § 45-238. The plaintiff claims, however, that the conservatrix had the power to obligate her ward's estate to the contract in question, without express approval by the Probate Court of the rendition of those services and the amount of commission sought, by virtue of § 45-75 of the General Statutes. That statute provides that a conservator has an obligation to "manage" the estate of the incapable person "and [to] apply so much of the net income thereof as may be required, and, if necessary, any part of the principal of the estate, to support him and his family and to pay his debts." The plaintiff bases his right to recovery on an implied rather than an express contract. See *Metz* v. *Hvass Construction Co.*, 144 Conn. 535, 537, 135 A.2d 363; *Merwin* v. *Beardsley,* 134 Conn. 212, 216, 56 A.2d 517. Absent, however, a clear legislative indication to the contrary, the Probate Court must approve the necessity and propriety of the services rendered, as well as the reasonableness of the fee demanded for those services, before the ward's estate could be directly obligated to pay for them. We discern nothing in § 45-75 of the General Stat-

utes which indicates the legislature intended to allow a conservatrix to bind her ward's estate to an implied contract, such as this one, without the express approval of the Probate Court.

Even if it was proper and necessary for the conservatrix to utilize the plaintiff's services in the management of her ward's estate, the liability for the value of services rested on her personally, until they were subsequently approved by the Probate Court. See *Brown* v. *Eggleston,* 53 Conn. 110, 119, 2 A. 321. Since the conservatrix is an agent of the Probate Court and not of the ward, she is under the control and supervision of that court. By statute, she is required to manage the estate and to account annually to the court, which account must show items of income and expenditure. General Statutes § 45-268. If, in discharging this statutory duty, she makes a proper expenditure, she has a right to be reimbursed from the estate. On the other hand, if she makes an improper disbursement, the loss must fall on her alone. *Brown* v. *Eggleston,* supra, 116, 117. If the conservatrix is found to be personally responsible to the plaintiff for the reasonable value of his services, the Probate Court would still be obliged to pass on the question whether the conservatrix should be reimbursed from the estate.

The plaintiff claims that a right to maintain the present action exists under § 52-202 of the General Statutes.[1] The plaintiff would have us construe the

[1] "Sec. 52-202. ACTION AGAINST EXECUTOR OR ADMINISTRATOR. In any case in which any person has a legal claim against any executor, administrator, guardian or trustee, growing out of . . . services rendered for the estate . . . and which should justly be paid out of such estate, a civil action may be brought by such claimant against such executor, administrator, guardian or trustee . . . . If such claim is found to be a just one and one which ought to be equitably paid out of such estate, judgment may be rendered in favor of such claimant, to be paid wholly out of the estate so held . . . ."

term "guardian" to include conservators. Although their functions are somewhat analogous, their positions are by no means identical. There are separate and distinct laws governing guardianships and conservatorships. General Statutes, cs. 777, 779. The statute under consideration specifically designates the fiduciaries against whom a claimant may pursue his claim for the value of services rendered to an estate. In numerous other statutes, wherein various classes of fiduciaries are designated, the term "guardian" and the term "conservator" often appear together in the same statute. See, for example, General Statutes §§ 16-77, 17-21, 32-19, 45-4, 45-213, 45-232, 45-238, 45-267, 45-268, 45-270, 45-271, 52-60, 53-354. Surely, if the legislature intended the term "guardian", as used in § 52-202, to include conservators, it would not have used the term "conservator" in many statutes wherein the term "guardian" also appears. This court has, in the past, had occasion to note that the term "conservator" does not specifically appear in what is now § 52-202 of the General Statutes. *Hamilton* v. *Pickett,* 93 Conn. 34, 37, 104 A. 162; *Merwin's Appeal,* 72 Conn. 167, 172, 43 A. 1055; *Brown* v. *Eggleston,* 53 Conn. 110, 116, 2 A. 321. Nevertheless, this statute has remained unchanged in this respect since its enactment in 1882. Public Acts 1882, c. 51. We conclude that the legislature neither intended nor created a cause of action in favor of a claimant against a conservator under this statute.

There is error, the judgment is set aside and the case is remanded with direction to grant the motion to set the verdict aside.

In this opinion the other judges concurred.