The plaintiff in this action requested that the widower, heirs, creditors and representatives of the late Mabel W. Clark of Hartford, Connecticut, together with the commissioner of welfare of the state of Connecticut and an authorized representative of the commissioner of finance and control of the state of Connecticut, be required to interplead concerning their claims to moneys in the hands of the plaintiff.
The plaintiff, in 1952, issued a certificate of insurance on the life of Mabel W. Clark, then a city of Hartford employee, under a group life insurance policy covering certain employees of the city. On the form prescribed, Mabel W. Clark designated her sister, Vera V. Clark, as the beneficiary of the life policy. In 1969, Mabel W. Clark having been declared incompetent, the Probate Court of the district of Hartford appointed Vera V. Clark as her conservatrix.
On divers dates in 1970 and 1971, Vera V. Clark, as conservatrix, applied to the department of welfare of the state of Connecticut for aid for Mabel W. Clark, and such applications were denied on various grounds. On April 1, 1971, aid was allowed on condition that Vera V. Clark assign all rights in the certificate of insurance to the estate of Mabel W. Clark. Vera V. Clark, in signing the change of beneficiary, *Page 329 
did so in her capacity as conservatrix of Mabel W. Clark and did not obtain or attempt to obtain permission of the Hartford Probate Court to act in such a manner, nor did the state department of welfare request that she do so.
Before Mabel W. Clark's death on January 20, 1972, the state department of welfare incurred convalescent home and medical charges on her account in the amount of $3885. At the time of Mabel's death, the face value of the benefits under the certificate of insurance was $2000.
The group policy provided that it could not be assigned. If the change of beneficiary is to be considered an assignment within the meaning of § 38-153a of the General Statutes, the group policyholder, the insured and the insurer must agree to the change. As beneficiaries are given no rights of assignment under this statute, and as no agreement was entered into by the parties listed therein, there was no assignment here.
In the court's view, what took place was an attempt by the conservatrix, Vera V. Clark, under pressure from the Connecticut department of welfare, to change the beneficiary of the incompetent's group life insurance policy from herself to the estate of the incompetent. The change was not made under the authority of an order of the Probate Court but simply by the act of the conservatrix in signing the change of beneficiary form on behalf of the incompetent. That act was legally insufficient to accomplish the purpose.
Without going into the question whether such change could have been ordered by a Probate Court, it is clear that a conservatrix, acting without its approval, has under the General Statutes no power to make the change. A conservator has only such powers as are expressly or impliedly given to him *Page 330 
by statute. Elmendorf v. Poprocki, 155 Conn. 115,118. The Supreme Court there held that authorization or approval by the Probate Court was essential to bind the estate on an implied contract and that a conservator, in many respects, is but the agent of and more or less completely under the control of the Probate Court. See also 46 C.J.S. 73, Insurance, § 1175.
The commissioner of welfare and the representative of the commissioner of finance and control were remiss in not insisting in this case that an application to change the beneficiary of the group life policy be filed by the conservatrix with the Probate Court, and the plaintiff, Aetna Life Insurance Company, was remiss in taking the designation of beneficiary signed by Vera V. Clark as conservatrix without inquiring into her authority to execute such a document. The defendant Vera V. Clark is an elderly woman who cannot be held, especially under the circumstances, with having the procedural knowledge of probate practice and law chargeable to the plaintiff and the other defendants.
 Accordingly, the court enters a judgment declaring that (1) the purported change of beneficiary is null, void and of no legal effect; (2) the plaintiff is to receive no attorneys' fees or costs, because of its laxity in this situation; (3) the plaintiff is to pay over to Vera V. Clark all of the avails payable under the certificate of insurance.