[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Andrew Sansone appeals the declaratory ruling issued by the defendant state teachers' retirement board (Board) holding that he is not eligible to receive benefits as guardian of his sister under the provisions of General Statutes 10-183h. The plaintiff appeals pursuant to General Statutes 4-176(h) and 4-183. The court finds in favor of the defendant Board. CT Page 8566
Certain essential facts are undisputed. The plaintiff's father, Cosmo J. Sansone, was a member of the State Teachers' Retirement System who died on January 23, 1988. Cosmo Sansone left a disabled daughter, Jennifer Sansone, who was 20 years old at that time. Jennifer Sansone is autistic and mentally impaired and is currently living in a group home in Putnam. Since her father's death Jennifer has been receiving survivors' benefits under General Statutes 10-183h(a)(2). On November 13, 1990, the plaintiff became the conservator of Jennifer's estate pursuant to General Statutes 45a-645. Although there was no direct testimony or other evidence adduced at the agency hearing on the subject, the defendant Board appears to accept the statement by the plaintiff's attorney concerning the extra care and guidance that the plaintiff has provided Jennifer since their father's death. In this regard, the plaintiff states that he has voluntarily assumed the following tasks in addition to those required by his court appointment as conservator of her estate: 1) constant contact with various agencies involved in Jennifer's welfare; 2) consent for medical treatment and full involvement in Jennifer's therapy; 3) frequent consultations with Day Kimball Psychology Program; 4) frequent visits by Jennifer to Andrew's home in Massachusetts, plus frequent visits with Jennifer at her residence; 5) shopping for all of Jennifer's needs; and 6) full-time advocate for Jennifer's treatment and development.
In the Spring of 1991, the plaintiff applied to the Board for benefits under General Statutes 10-183h as Jennifer's "legal guardian." The Board denied that application on May 3, 1991. On July 3, 1991, the plaintiff petitioned the Board, pursuant to General Statutes 4-176 and Regulations of State Agencies 10-183L-20a, for a declaratory ruling that he is eligible for such benefits. After a hearing, the Board issued a ruling that the plaintiff is not eligible for these benefits. The Board's ruling is dated January 22, 1992. The plaintiff appeals this ruling.
Since the Board's ruling denies the plaintiff a financial benefit claimed under the general statutes, the court finds he is aggrieved by that ruling within the meaning of General Statutes 4-183, the Board's regulations and the rule of Light Rigging Co. v. DPUC, 219 Conn. 168, 173 (1991).
In his brief, the plaintiff sets forth three bases for his appeal. First, he claims the Board's initial denial of his application on May 3, 1991, was arbitrary, capricious, and an abuse of discretion. Second, he claims the CT Page 8567 declaratory ruling of January 22, 1992, was arbitrary, capricious, and an abuse of discretion. Third, he claims that the Board's declaratory ruling denies him equal protection of the law in violation of the federal and state constitutions.
The plaintiff's first claim, concerning the May 3, 1991 denial of his application, cannot be sustained. There is no right to appeal an agency action in the absence of an authorizing statute. Furthermore, there was absolutely no compliance with any of the requirements of the Uniform Administrative Procedure Act, General Statutes 4-166
et seq., with respect to the May 3, 1991 decision.
The plaintiff's second claim is essentially that the Board misinterpreted the governing statute when it issued its ruling that the plaintiff is ineligible for benefits as Jennifer's "legal guardian." The applicable statute, General Statutes 10-183h, reads, in relevant part, as follows:
 The basic survivor's monthly benefit . . . shall be (1) three hundred dollars . . . for a legal guardian of any dependent child . . . .
Although the words "legal guardian" are not defined in the statute, they must be given their plain, commonly approved meaning unless a contrary intent is clearly expressed. Kilpatrick v. Board of Education, 206 Conn. 25,28 (1988). Here, the term plainly means a guardian appointed in accordance with the law. In Connecticut, the natural parents are the guardians of their minor child pursuant to General Statutes 45a-606. In the absence of a natural parent, the probate court appoints the guardian of a minor pursuant to General Statutes 45a-616. When a minor is entitled to property, the probate court may appoint a guardian of the minor's estate in addition to the parents. General Statutes 45a-629. The probate court may also appoint a guardian of an adult who is mentally retarded. General Statutes 45a-676.
The plaintiff has never been appointed by the probate court to be the guardian of his sister, Jennifer, under any of the provisions of the statutes referenced above or any other provisions of any law. Indeed, based upon the fact that Jennifer was not a minor when her father died and the fact that she is not mentally retarded, it would appear that Connecticut law does not authorize the appointment of a guardian in her case.
The plaintiff was appointed by the probate court of CT Page 8568 Putnam as conservator of the estate of his sister pursuant to General Statutes 45a-644. He argues that the differences between the statutory offices of guardian and conservator of the estate should be ignored and that the term "legal guardian" should be construed to include an individual appointed as conservator of the estate. In analyzing this argument, the court notes, first, that an appointment as conservator of the estate is significantly different in many respects from an appointment as a guardian. Compare General Statutes 45a-676 and 45a-644. See also Elmendorf v. Poprocki, 155 Conn. 115, 120-121 (1967), holding that the terms are not synonymous. Furthermore, in enacting the separate statutes relating to the appointment of guardians and conservators, it is presumed that the legislature did so with the intention of creating one consistent and harmonious body of law, with each statute "leav(ing) room for the meaningful operation of the other." Milford v. Local 1566,200 Conn. 91, 100 (1986). (Internal quotation marks and citations omitted). And, of course, where the language of a statute is clear and unambiguous, there is no room for expansion or modification of its meaning by judicial construction. Cilley v. Lamphere, 206 Conn. 6, 9 (1988).
The basic rules of statutory interpretation set forth above require that the court reject the plaintiff's arguments in this case. He may not be considered the plaintiff's "legal guardian" under General Statutes 10-183h because that term is limited to those appointed as guardian by the probate court in accordance with applicable statutes. It does not include those who, like the plaintiff, have only been appointed as conservator of the estate. Nor does the term "legal guardian" include those who have not been appointed guardian by the probate court in accordance with applicable statutes but who, like the plaintiff, have voluntarily assumed some of the tasks which such a court appointed guardian would be obligated to perform. Since the plaintiff is not Jennifer's "legal guardian" within the meaning of the statute, it follows that it was not arbitrary, capricious, or an abuse of discretion for the Board to rule that the plaintiff is not eligible to receive benefits reserved for such guardians.
The plaintiff's final claim is that "it denies a specific category of individuals equal protection of the laws". Plaintiff's Brief, p. 20. He correctly points out that the law would permit him to be appointed guardian of his sister, pursuant to General Statutes 45a-676, if she were mentally retarded and that he would then be eligible for benefits as a "legal guardian" under section 10-183h. He also acknowledges that the law does not permit such an CT Page 8569 appointment and the resulting eligibility for benefits in his case because his sister is not mentally retarded but is, rather, mentally impaired and autistic. He argues, therefore, that the law unfairly classifies and discriminates between caretakers of individuals who are mentally retarded and caretakers of those who are otherwise mentally impaired.
The fallacy of the plaintiff's argument alleging unequal treatment under the law lies in his theory that the unfair classification is based on degrees of mental disability. The statute in question, however, provides monetary payments to those who provide the special and unique services which the law requires of legally appointed guardians. Thus, it does indeed "discriminate" in favor of those who are so appointed as against those who are not. This award of benefits is based on the duties and responsibilities of the guardianship, however, not the mental condition of the ward. The plaintiff has not demonstrated by evidence or otherwise that there is anything constitutionally defective in such a benefit program. "[L]egislative enactments carry with them a strong presumption of constitutionality, and . . . a party challenging the constitutionality of a validly enacted statute bears the heavy burden of proving the statute unconstitutional beyond a reasonable doubt." Zapata v. Burns, 207 Conn. 496, 508
(1988). (Internal quotation marks and citations omitted). The plaintiff has not sustained that burden in this case.
For all of the reasons set forth above, and in accordance with General Statutes 4-183(j), the court affirms the decision of the defendant Board. The appeal is dismissed.
MALONEY, J.