[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
Plaintiff Richard A. Volo, the conservator of the estate of Donald F. Kearney, appeals from a final decision of the defendant Department of Social Services ("the department") denying Medicaid benefits for a period of three months on the ground that Kearney's assets during those months exceeded the eligibility limit. The plaintiff contends that the assets in question should not count toward eligibility because he could not dispose of them without probate court approval. The court finds no error in the agency proceedings and dismisses this appeal.
BACKGROUND
The administrative record reveals the following facts. On October 15, 1997, the probate court for the district of Derby appointed a conservator of the estate and person of Donald Kearney on the ground that the latter was incapable of managing his affairs. (Return of Record ("ROR"), pp. 34-35.) The probate court appointed the plaintiff as successor conservator in March, 1999. (ROR, p. 32.)[1]
On September 24, 1999, the plaintiff filed an application for Medicaid benefits. In response, the department granted benefits effective September 1, 1999. (ROR, p. 13.) The plaintiff requested a hearing to establish his entitlement to benefits retroactive to July, 1999. ROR, p. 37.) A hearing took place on February 18, 2000. The department issued a decision on April 18, 2000 upholding the denial of coverage prior to September, 1999 on the ground that, during that period, the plaintiff had cash in a bank account that exceeded the asset limit of $1,600. (ROR, p. 9.)[2] The department also found the plaintiff eligible to have his income diverted to pay unpaid medical bills incurred in the six month period prior to eligibility for Medicaid. (ROR, p. 10.)[3]
The department then granted the plaintiffs request for reconsideration to evaluate the effect of plaintiff's section 401(k) retirement funds on eligibility. (ROR, p. 1.) On reconsideration, the hearing officer found that the plaintiff had the following cash balances in a bank account: June 26, 1999 — $4,142.81; July 28, 1999 — $4,142.81; August CT Page 1812 27, 2000 — $29,320.55. (ROR, p. 2 ¶ 6.)[4] The explanation for the large balance in August, 1999 was the plaintiffs receipt of a check dated July 12, 1999 in the amount of $28,184.77 from a Caldor Corporation 401(k) plan. (ROR, p. 2 ¶ 5, p. 4.) The hearing officer found that the funds in the plaintiff's bank account during these months were accessible to Kearney through his conservator. (ROR, p. 2 ¶ 7.) In September, 1999, the balance in the bank account fell below $1,600, making the plaintiff eligible for Medicaid benefits beginning that month. (ROR, p. 3 ¶ 9, p. 4.)
The hearing officer resolved the merits of the plaintiff's claim as follows:
 It is the contention of the appellant that the statutory duties and limitations placed on a conservator by the Probate Court did not allow him to reduce his assets below $1,600.00 until September 1, 1999. Connecticut General Statutes # [sic] 45a-655
[(a)] requires the conservator to "manage all the estate and apply so much of the net income thereof[,] and[,] if necessary, any part of the principal of the property, which is required to support the ward and those members of the ward's family whom he has the legal duty to support and to pay his debts, and may sue for and collect all debts due his ward." This statute and # 45a-177 requires a periodic accounting of the ward's property to the Probate Court. There is nothing in the statute which limits the conservator's ability to pay the ward's duly incurred debts while such accounting is pending. The statute requires the conservator "to pay his debts". Other than the argument of the conservator's attorney, there is no evidence in the hearing record indicating the Probate Court imposed limitations on the conservator on paying the appellant's debt's [sic] from his assets or income. The appellant has not met his burden to show he could not access his assets and or [sic] income in order to reduce them. The appellant through his conservator was free to reduce his assets to the allowable Medicaid asset limit but failed to do so. (ROR, p. 5.)
The hearing officer accordingly affirmed the department's decision granting
Medicaid coverage effective September 1, 1999. CT Page 1813
The plaintiff appeals to this court.
DISCUSSION
 I
Under the Uniform Administrative Procedure Act ("UAPA"), General Statutes § 4-166 et seq., judicial review of an agency decision is very restricted. See MacDermid, Inc. v. Department of EnvironmentalProtection, 257 Conn. 128, 136-37, 778 A.2d 7 (2001). Section 4-183 (j) of the General Statutes provides as follows:
 The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Stated differently, "[j]udicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." (Internal quotation marks omitted.) Schallenkamp v.DelPonte, 229 Conn. 31, 40, 639 A.2d 1018 (1994). "It is fundamental that a plaintiff has the burden of proving that the [agency], on the facts before [it], acted contrary to law and in abuse of [its] discretion. . . ." (Internal quotation marks omitted). Murphy v. Commissioner of MotorVehicles, 254 Conn. 333, 343, 757 A.2d 561 (2000).
 II
The plaintiff argues that he had $64,430.22 in hospital debts and that he could not pay them until the probate court approved his inventory and proposed distribution on September 15, 1999. This argument is both factual and legally unsupported. As a factual matter, the record establishes a CT Page 1814 hospital debt of only $19,864.55. (ROR, pp. 22, 40.) Based on the facts stated above, the plaintiff had enough funds in the account in August, 1999 to pay this debt.[5]
As a legal matter, there was no bar to the plaintiff's payment of his debts prior to probate court approval of his inventory. While there are some acts that a conservator cannot perform without prior probate approval, such as the sale of the ward's real estate, see General Statutes § 45a-164; Elmendorf v. Poprocki, 155 Conn. 115, 119, 230 A.2d 1
(1967), in such cases the governing statutes contain explicit language requiring prior approval. See General Statutes § 45a-164 (a) ("Upon the written application of the conservator of the estate of any person. . . .") See also General Statutes § 45a-151 (a) ("Upon application by executors, guardians, conservators, administrators and trustees appointed, or whose appointment has been approved, by the Court of Probate, the court may, after such notice as the court shall direct and hearing, authorize such fiduciaries to compromise and settle any doubtful or disputed claims or actions, or any appeal from probate in favor of or against the estates or persons represented by them.") In fact, the very statute authorizing a conservator to pay debts contains another subsection with specific language requiring probate court approval before a conservator can make "gifts or other transfers."[6]
In contrast, the subsection of the statute governing payment of debts contains no such explicit language requiring prior approval. Instead, General Statutes § 45a-655 (a) simply provides that "[t]he conservator shall manage all the estate and apply so much of the net income thereof, and, if necessary, any part of the principal of the property, which is required to support the ward and those members of the ward's family whom he or she has the legal duty to support and to pay theward's debts. . . ." (Emphasis added.) Indeed, subsection (d) of the same statute specifically directs that: "In the case of any person receiving public assistance, state-administered general assistance or Medicaid, the conservator of the estate shall apply toward the cost of care of such person any assets exceeding limits on assets set by statute or regulation adopted by the Commissioner of Social Services." General Statutes §45a-655 (d). Although some probate court review of these expenditures is undoubtedly important in these situations to safeguard the financial welfare of the estate, the estate obtains this protection from the general requirement that the conservator provide the probate court with a periodic accounting. See General Statutes § 45a-177.
Thus, a review of the statutory scheme establishes that a conservator is authorized to pay ordinary debts of the estate without prior probate court approval as long as he complies with the requirement to provide a periodic inventory. Accordingly, the hearing officer correctly held that CT Page 1815 the conservator was free to pay debts to reduce his assets to the allowable Medicaid asset limit, but failed to do so. See also Langs v.Harder, 165 Conn. 490, 498-500, 338 A.2d 458 (1973) (even if probate court approval is necessary for a disbursement, the funds remain "available" for purposes of welfare eligibility pending such approval).
The plaintiff raises two additional arguments for the first time on appeal. First, the plaintiff maintains that the assets held by the conservator were inaccessible because they were "property in probate" under § 4015.05C (1) of the department's Uniform Policy Manual. Second, the plaintiff contends that the department should have applied a "resource spend down" methodology as outlined in Ross v. Giardi,237 Conn. 550, 680 A.2d 113 (1996), to determine the plaintiff's eligibility prior to September, 1999. Because the plaintiff did not raise these issues in either the original administrative hearing or in his request for reconsideration, this court will not consider these issues here. See Burnham v. Administrator, 184 Conn. 317, 323, 439 A.2d 1008
(1981).[7]
CONCLUSION
The plaintiff having failed to sustain the grounds for his appeal, the appeal is dismissed.
Carl J. Schuman Judge, Superior Court