JOSEPH HALPERIN *v.* PINE PLAZA CORPORATION ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued January 11—decision released March 11, 1980

*Samuel J. Henderson,* for the appellant (plaintiff).

*William B. Fitzgerald, Jr.,* with whom, on the brief, was *John C. Bullock,* for the appellees (defendants).

PER CURIAM. This is an action to recover a real estate broker's commission which the plaintiff claimed to have earned by producing a lessee for the defendant's commercial property.[1]

The trial court found, in part, as follows: In the summer and fall of 1968, the defendant Henry Santa Barbara, president of the Pine Plaza Corporation, had been engaged in discussions with James Troy, a vice-president of the Waterbury National Bank, with respect to the bank's interest in leasing the defendant's property for a branch site. Other officials of the Waterbury National Bank were informed of the discussions between Troy and

---

[1] The parties stipulated that any liability accruing against the defendant corporation by reason of the acts of the defendant Henry Santa Barbara, its president and majority stockholder, would attach to the defendant Santa Barbara.

Santa Barbara. As late as December 3, 1968, the defendant was told by Troy that the bank was interested in leasing his property.

There was no meeting between the plaintiff and Santa Barbara with regard to the subject property prior to December 17, 1968. On December 17, 1968, the plaintiff urged the defendant to let him show the property to interested parties. Santa Barbara expressed a willingness to talk to anyone the plaintiff might produce as a lessee, but specifically instructed Halperin not to bring any banks and especially not the Waterbury National Bank because he was already engaged in conversations with the bank as a possible lessee. Halperin had no written agreement with the defendant, did not seek one, and had no exclusive listing.[2]

On December 18, 1968, nevertheless, the plaintiff brought Harold Sullivan, a vice-president of the Waterbury National Bank, to view the defendant's property. Sullivan was unaware of the site location the plaintiff was seeking to show him but was cognizant that bank officials had discussed the defendant's property as a desirable site for the bank to lease for a branch. When Sullivan and the plaintiff met the defendant Santa Barbara on the site on December 18, 1968, a dispute immediately arose between Santa Barbara and the plaintiff. Santa Barbara rebuked the plaintiff for bringing him a representative of the Waterbury National Bank as a prospective lessee. Sullivan, then realizing and recalling that the site had been previously brought to his attention, immediately withdrew from any

---

[2] The events upon which this action is based took place prior to the enactment of General Statutes § 20-325a (b) in 1971.

further discussions as to the property with the plaintiff and reported his meeting with the plaintiff to the bank's president.

From January, 1969, to August, 1969, the Waterbury National Bank carried on negotiations with the defendant Santa Barbara through his attorney; these negotiations resulted in a twenty year lease. Shortly after the December 18, 1968 incident, the plaintiff was informed by the president of the Waterbury National Bank and the defendant Santa Barbara's attorney that he was not the broker of either the bank or the defendant and was to make no further efforts on their behalf. The plaintiff did not participate in any way in the negotiations between the bank and the defendant which took place between January, 1969, and August, 1969.

The plaintiff, on appeal, claims that the trial court erred in including twenty-three paragraphs in the finding without evidence and in failing to include fifty-eight paragraphs of the draft finding in the finding. This court has repeatedly indicated that it disfavors such wholesale challenges to the findings which result in attempts to have this court retry issues of fact. See, e.g., *Toffolon* v. *Avon*, 173 Conn. 525, 527, 378 A.2d 580; *Kateley* v. *Kateley*, 172 Conn. 361, 362, 374 A.2d 1049; *Southern New England Contracting Co.* v. *State*, 165 Conn. 644, 646, 345 A.2d 550. In the present case the attack on the findings is unavailing: the facts found are either supported by the evidence or based on inferences reasonably drawn from the evidence; *New Haven* v. *United Illuminating Co.*, 168 Conn. 478, 483, 362 A.2d 785; *Schurgast* v. *Schumann*, 156 Conn. 471, 475, 242 A.2d 695. It is futile to assign error where the weight of the testimony or the

credibility of the witnesses is involved because these matters are for the determination of the trier of fact. *Toffolon* v. *Avon,* supra; *Scott* v. *General Iron & Welding Co.,* 171 Conn. 132, 138, 368 A.2d 111. Similarly, the facts the plaintiff would have us add to the finding are either immaterial or not admitted or undisputed. Such facts cannot be added to the finding. See, e.g., *Cutler* v. *MacDonald,* 174 Conn. 606, 609, 392 A.2d 476; *El Idrissi* v. *El Idrissi,* 173 Conn. 295, 297, 377 A.2d 330; Practice Book, 1978, § 3039. That a witness has testified to a fact without direct contradiction is in itself insufficient to demonstrate that the fact was admitted or undisputed. *Klepp Wood Flooring Corporation* v. *Butterfield,* 176 Conn. 528, 531, 409 A.2d 1017; *Martin* v. *Kavanewsky,* 157 Conn. 514, 515, 255 A.2d 619.

A real estate broker is entitled to recover a commission when he has met the burden of proving his employment as a broker to sell or lease the owner's real estate upon certain named terms, and when, but only when, he produces a customer willing, ready and able to purchase or lease upon those terms. *Menard* v. *Coronet Motel, Inc.,* 152 Conn. 710, 711, 207 A.2d 378; *Rosenfield* v. *Wall,* 94 Conn. 418, 419–20, 109 A. 409. In a case like the present one, when the agency of a broker is not exclusive, his "efforts must be the predominating producing cause of the sale." *Marshall* v. *Sturgess & Jockmus, Inc.,* 150 Conn. 59, 62, 185 A.2d 472. The trial court, applying this law, concluded that the plaintiff was not the agent of the defendants in securing the lease, had not been the predominating procuring cause of the lease agreement entered into by the defendant Santa Barbara and the Waterbury National Bank, and that therefore judgment should enter for the defendants. Since the trial court's conclusions

are neither inconsistent with the facts found, as the plaintiff's wide-ranging attack on the trial court's finding implicitly acknowledges, nor a violation of law, logic, or reason, they must stand. *Mystic Marinelife Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 491, 400 A.2d 726; *Bell* v. *Planning & Zoning Commission,* 174 Conn. 493, 496, 391 A.2d 154.

Finally, the factual findings fail to support the plaintiff's claim grounded on *Freda* v. *Smith,* 142 Conn. 126, 134, 111 A.2d 679, that an implied-in-law contract existed because, inter alia, the plaintiff rendered services he expected to be paid for and the defendant availed himself of those services. The defendant Santa Barbara cannot possibly, under the facts of this case, be deemed to have availed himself of the plaintiff's services.

There is no error.