BEVERLY MARSHALL *v.* HARRY H. KLEINMAN,
CONSERVATOR (ESTATE OF CHARLES H. MILLER)
(No. 10079)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued October 9, 1981—decision released January 19, 1982

*Wayne W. Sargent,* for the appellant (plaintiff).

*George C. Hastings,* with whom were *Thomas McDonald,* and, on the brief, *Charles L. Howard,* for the appellee (defendant).

ARMENTANO, J. This appeal arises from a judgment ordering the conservator of the estate of an incapable person to sell a parcel of real property located in Hartford.[1]

---

[1] The trial court rendered a contemporaneous judgment ordering the sale of vacant land in the estate located off Old Windsor Road, so-called, in Bloomfield. This opinion considers only the appeal from the judgment ordering the sale of property located at Nos. 510-512

Harry H. Kleinman, the defendant, was appointed conservator of the estate of Charles H. Miller on April 25, 1979. Prior to that date the plaintiff, Beverly Marshall, had managed her father's affairs. The estate consists principally of Connecticut real property having a substantial value. The sizeable medical expenses of the ward and other expenses of the conservatorship, however, far exceed the income from estate property, creating a cash flow problem.

On application of the conservator, the Probate Court ordered the sale of realty in the estate. The parcel addressed in the present appeal consists of 3.6 acres of industrial property with a building thereon, located at Nos. 510-512 Ledyard Street in Hartford, having a land frontage of 136 feet and a depth of 263 feet. On October 17, 1979, the Probate Court ordered the sale of the property to one Sidney Goldstein at a price of $360,000, without a real estate brokerage commission. There is no evidence that Goldstein was in any way related to a party in interest in the conservatorship, or was given any special treatment or advantage. He was the highest bidder.

The plaintiff, in her capacity as a creditor of the estate, appealed from the order to the Superior Court.[2] After a trial de novo the Superior Court found that the best interests of the estate warranted

Ledyard Street in Hartford, and docketed at the Supreme Court as No. 10079. A separate appeal, involving the same parties and docketed as No. 10080, was taken from the judgment concerning the Bloomfield property, and is addressed in a separate opinion.

[2] General Statutes § 45-288 provides that "[a]ny person aggrieved by any order, denial or decree of a court of probate . . . may appeal therefrom to the superior court . . . ." The Superior Court found that the plaintiff was aggrieved as a creditor of the estate and therefore had standing to appeal from the Probate Court order to the Superior Court.

the sale. On February 5, 1980, the trial court ordered the sale of the property on the same terms as the Probate Court had ordered. In her appeal from the trial court order, the plaintiff claims that the sale was not in the best interests of the estate in that the sale price did not reflect the fair market value of the property.[3]

The purpose of a conservatorship is to make necessary provision for the incapable person during his disability. *Norton* v. *Strong,* 1 Conn. 65, 69 (1814); *State* v. *Tarcha,* 3 Conn. Cir. Ct. 43, 45, 207 A.2d 72 (1964). A conservator of an estate owes a duty of loyalty to a ward. See *Holbrook* v. *Brooks,* 33 Conn. 347, 351 (1866); Folsom & Wilhelm, Conn. Estates Practice: Commitment, Conservatorship, Guardianship, Adoption (Rev. Ed. 1979) § 63. The Probate Court "is primarily entrusted with the care and management of the ward's estate . . . ." *Elmendorf* v. *Poprocki,* 155 Conn. 115, 118, 230 A.2d 1 (1967).

General Statutes § 45-238 (a) authorizes the Probate Court to order the sale of property under conservatorship "if the court finds it would be for the best interests of the parties in interest to grant the application." Any discretion of the Probate Court passes on appeal to the Superior Court which makes an independent determination of the issues pursuant

---

[3] In her brief the plaintiff also claimed that the sale of the property was not in the best interests of the parties in interest because the estate's financial problems were caused by mismanagement of the conservatorship. The quality of prior management by the Probate Court and the conservator, however, is not relevant to the issue of whether a present sale is in the best interests of the parties. The conservator is merely the arm or instrumentality of the Probate Court. *Johnson's Appeal,* 71 Conn. 590, 598 (1899); 2 Locke & Kohn, Conn. Probate Practice § 695. Moreover, at oral argument the plaintiff's counsel conceded that the sale was necessary, and that the sole issue on appeal was the valuation of the property.

to an affirmative duty to protect and preserve the assets of the ward. *Prince* v. *Sheffield,* 158 Conn. 286, 299, 259 A.2d 621 (1969). The issue on appeal from a Superior Court order of sale of real estate under conservatorship is whether the trial court's discretion was legally and reasonably exercised in the proper discharge of its duty. Cf., e.g., *Sklar* v. *Estate of Sklar,* 168 Conn. 101, 110, 357 A.2d 900 (1975); *Crane* v. *Manchester,* 143 Conn. 716, 719, 126 A.2d 567 (1956). Therefore, a conclusion of a trial court to that effect must stand if it is reasonably supported by the facts. E.g., *Kearney* v. *State,* 174 Conn. 244, 252, 386 A.2d 223 (1978).

The trial court found that the sale of the property for $360,000, without payment of a brokerage commission, was in the best interests of the parties in interest of the estate. Two appraisers testified at trial. The defendant's appraiser estimated that the value of the one story brick and cinder block building, the .082 acre it was situated on together with a minimum of 2.76 acres of vacant land was $334,000.[4] The plaintiff's appraiser appraised the value of the land and the building at $475,000. The trial court, after hearing extensive testimony and cross-examination, and after its own questioning, found the appraisal of the defendant's appraiser more credible. The credibility of witnesses is within the exclusive province of the trier of fact. E.g., *Halperin* v. *Pine Plaza Corporation,* 180 Conn. 85, 87–88, 428 A.2d 340 (1980). Extrapolating from that appraisal,

[4] The acreage which the defendant's appraiser included in the appraised value is not clear from the transcript. The written appraisal, which he increased at trial to allow for inflation, included only 2.76 acres of vacant land in the parcel. The testimony of the defendant's appraiser, however, was in response to an inquiry into the value of the entire parcel which comprises approximately 3.6 acres, including the building.

the trial court found that the reasonable value of the premises was $389,000. Examination of the trial transcript discloses that the conservator listed the property for sale with several real estate brokers and accepted the highest offer. The record reveals the sale of the Hartford property was a carefully evaluated decision. The property was subject to foreclosure and the law day had already been extended. The conservator considered the alternative of selling only part of the property. The court calculated the present fiscal needs of the ward and determined the extent to which the sale of the property would meet those needs. In light of the foregoing, we hold that the trial court did not abuse its discretion in finding that the sale of the Hartford property for $360,000 was in the best interests of the parties.

There is no error.

In this opinion the other judges concurred.