A. RICHARD TOMANELLI *v.* ADELE TOMANELLI
(3320)

SPALLONE, DALY and STOUGHTON, Js.

Argued June 14—decision released September 3, 1985

*Robert M. Wechsler,* for the appellant (plaintiff).

*Myra Graubard,* for the appellee (defendant).

STOUGHTON, J. The plaintiff appeals from the judgment rendered by the trial court, *Lewis, J.,* on the defendant's motion for contempt, in which the defendant claimed that the plaintiff had failed to pay the full amount of the court ordered unallocated alimony and support. The trial court found that the plaintiff had indeed failed to pay the correct amount of unallocated alimony and support after December, 1983. That court declined, however, to find the plaintiff in contempt because of a bona fide dispute about the intention of a modification judgment reducing the plaintiff's unallocated alimony and support payment.[1] Instead, the trial court found the plaintiff approximately $1000 in arrears since it determined the modification of the judg-

[1] The court properly declined to adjudge the plaintiff in contempt since the failure to comply was not wilful. *Connolly* v. *Connolly,* 191 Conn. 468, 482–83, 464 A.2d 837 (1983); see *Marcil* v. *Marcil,* 4 Conn. App. 403, 494 A.2d 620 (1985).

ment involving unallocated alimony and support in dispute was temporary rather than permanent as asserted by the plaintiff. The plaintiff filed a motion to reargue and set aside the trial court's finding, which was denied. Thereafter, the plaintiff appealed.

We briefly address the plaintiff's due process claim. What transpired before the trial court at the contempt hearing is not before this court. The plaintiff failed to provide a transcript of that hearing to this court. He is required to provide the court with an adequate record for appellate review and, in the absence of such a record, we cannot say the trial court erred. *Barra* v. *Ridgefield Card & Gift Gallery, Ltd.,* 194 Conn. 400, 407–408, 480 A.2d 552 (1984); *Steve Viglione Sheet Metal Co.* v. *Sakonchick,* 190 Conn. 707, 713–14, 462 A.2d 1037 (1983).

Certain facts are relevant to a review of the plaintiff's substantive claim. The parties' marriage was dissolved in July of 1980. The defendant was awarded custody of the three minor children. The right to use and occupy the marital residence was given to the defendant provided, among other things, that she pay the mortgage, taxes, insurance and maintenance costs. The dissolution judgment provided that the plaintiff would pay $2000 per month in unallocated alimony and support until two children were married, self-supporting, died, or were eighteen years of age. The unallocated alimony and support would then be reduced by $250 per month. In July of 1981, the dissolution judgment was modified, by agreement, to provide a $150 increase in alimony and child support since the defendant's mortgage payments had increased. In June of 1983, the plaintiff moved to have the dissolution judgment modified by reducing the amount of the unallocated alimony and support since his income had decreased. The motion was granted and payments were reduced by $200 per month by the trial court, *Dean, J.*

The transcript discloses the trial court was well aware, when it issued the order, that the plaintiff's unallocated alimony and support would automatically be reduced $250 per month after December of 1983 because two of the children would then be eighteen years of age.

The transcript of the modification hearing reveals that the court believed the plaintiff's income as a clinical psychologist was subject to monthly fluctuations which could lead to modification on a monthly basis. In light of that and the automatic reduction, the court attempted to get the parties to agree to a reduction until the automatic reduction in payments occurred. At that time, the court suggested the situation could be reevaluated. The parties then went off the record to discuss a settlement of the issue. Unable to reach an agreement, court resumed and the trial court ordered the payments reduced by $200 per month and then remarked "where you go from there I don't know." It is appropriate to look at the trial court's remarks in construing the order. *Christiano* v. *Christiano*, 131 Conn. 589, 592–93, 41 A.2d 779 (1945).

The transcript discloses that the trial court was thinking about a temporary reduction prior to the recess and the court's final remark indicates that view had not changed. Whether conversations off the record changed that focus, we cannot consider because appeals are decided solely on the record. *Hasbrouck* v. *Hasbrouck*, 195 Conn. 558, 560, 489 A.2d 1022 (1985). The trial court's construction of the order previously rendered by Judge Dean is supported by the record and is a reasonable one. We therefore find that the trial court did not err in rendering the judgment on appeal here.

There is no error.

In this opinion the other judges concurred.