## Rona V. Finizie's Appeal from Probate (3254)

Dupont, C. J., Borden and Nigro, Js.

Submitted on briefs November 4, 1985—decision released January 28, 1986

*F. J. Polesak, Jr.,* and *Laurence V. Parnoff* filed a brief for the appellant (plaintiff).

*Bernard Green* and *Joel Z. Green* filed a brief for the appellees (defendants Lyonel T. Finizie et al.).

*G. Joseph Lawler* and *John M. Claydon, Jr.,* filed a brief for the appellee (defendant John M. Claydon, administrator).

Per Curiam. The plaintiff appeals from a judgment of the trial court affirming the decision of the Probate Court to remove her as the administratrix of her mother's estate. The plaintiff claims that the court erred in removing her for failure to perform her duties in an expeditious manner. She also alleges that she was not afforded proper notice and a hearing prior to her removal by the Probate Court.

"In an appeal from a probate order or decree, the Superior Court does not exercise its general jurisdiction but exercises the powers of the probate court from which the appeal was taken." *Hunt* v. *Dubno,* 1 Conn. App. 529, 533, 473 A.2d 1235 (1984). "[A]ny discretion of the probate court . . . existing in the first instance, passes to the superior court on appeal and is to be exer-

cised by it in an independent determination, without regard to the result reached by the probate court." *Prince* v. *Sheffield,* 158 Conn. 286, 299, 259 A.2d 621 (1969); see *Baskin's Appeal from Probate,* 194 Conn. 635, 641, 484 A.2d 934 (1984). It is the duty of this Appellate Court to review the decision of the Superior Court to determine whether the court abused its discretion. *Marshall* v. *Kleinman,* 186 Conn. 63, 66, 438 A.2d 1196 (1982); *Sklar* v. *Estate of Sklar,* 168 Conn. 101, 110, 357 A.2d 900 (1975).

The trial court found that the plaintiff, who is also one of several heirs, had not filed an inventory in this $19,000 estate until two years after her appointment. An account and return of claims was not filed until four years after her appointment. That account was rejected because the plaintiff had acted on her own claim. The plaintiff subsequently filed a claim against the estate in the amount of $60,000, three times the inventory value. The court further found that at the time of trial, almost eight and one-half years after the decedent's death, the estate was still not settled. The court concluded that the plaintiff had "neglected to perform her fiduciary duties in an expeditious manner," dismissed the appeal and ordered the plaintiff removed as administratrix. The findings of the court were sufficient to warrant dismissal under General Statutes § 45-263. As for the plaintiff's claim concerning the lack of notice prior to her removal by the Probate Court, the record provided is inadequate to substantiate such a claim. Therefore, we cannot find that the court erred. *Tomanelli* v. *Tomanelli,* 5 Conn. App. 149, 151, 497 A.2d 91, cert. denied, 197 Conn. 814, 499 A.2d 63 (1985). We also note that such a claim of error in the Probate Court proceedings is rendered harmless by the Superior Court's de novo review.

There is no error.