## WILLIAM JENKS *v.* JANE JENKS
## (12017)

O'Connell, Heiman and Spear, Js.

Considered June 6—decision released September 5, 1995

*Charles F. Brower,* for the appellant (plaintiff).

*Steven H. Levy,* for the appellee (defendant).

O'CONNELL, J. This case is now before us on remand from the Supreme Court. We previously considered it in *Jenks* v. *Jenks,* 34 Conn. App. 462, 642 A.2d 31 (1994), in which we concluded, inter alia, that the trial court had abused its discretion in opening the stipulated marriage dissolution decree on the ground of duress. The Supreme Court, after granting certification, concluded that the evidence supported opening the judgment and reversed our decision and remanded the case to this court "for consideration of any preserved issue or issues not yet resolved." *Jenks* v. *Jenks,* 232 Conn. 750, 756, 657 A.2d 1107 (1995).

We commence our determination of which, if any, preserved issues remained unresolved by quoting from our prior decision. "Initially, the plaintiff claims that (1) there was no legal basis for opening the judgment and (2) the trial court improperly allowed an expert to give an opinion. In two amended appeals, the plaintiff claims additionally that the trial court improperly (1) evaluated the respective financial positions of the parties in granting the allowance to the defendant to defend the appeal, (2) considered whether the plaintiff was justified in taking the appeal in granting the allowance to defend, and (3) found the plaintiff in contempt of court for failure to commence alimony payments on a specific date." *Jenks* v. *Jenks,* supra, 34 Conn. App. 463.

The Supreme Court decision disposed of the first two claims, which related to the original appeal, by deciding that there was a factual basis for opening the judgment.

In our previous decision, we disposed of the plaintiff's first two claims relating to the amended appeal.

The sole appellate issue yet to be resolved is whether the trial court improperly found the plaintiff in contempt of court for failure to commence alimony payments on a specific date. We did not reach the merits of that issue in our previous decision because the parties had stipulated that, if we held that the judgment had been improperly opened, the contempt issue would concomitantly fall.

Following the opening of the judgment, the trial court, *Pickett, J.*, held a full hearing and, on December 15, 1992, rendered an amended judgment that included a periodic alimony award of $100 per week. Specifically, the court ordered that "[t]he plaintiff shall pay as periodic alimony the amount of $100.00 per week to the defendant until January 1, 2002, or for a period of 9 years. This period represents less than one-half of the length of the marriage."

The plaintiff interpreted this order as requiring nine years of payments ending on January 1, 2002, with an initial payment due on January 7, 1993. Accordingly, the plaintiff began making payments on that date. On February 9, 1993, the defendant filed a motion for contempt, alleging that the order required that payments commence on December 15, 1992. On February 22, 1993, the court, *Pickett, J.*, held a hearing at which the plaintiff argued for the correctness of his interpretation of the order but he conceded that the trial court's interpretation controlled and offered to make the two missing payments if the court so required.[1] The court, nonethe-

---

[1] "Mr. Brower [Plaintiff's Attorney]: I don't think it is a contemptuous act . . . . I would ask that there be no finding of contempt and that Mr. Jenks make up the payments. . . . [H]e certainly didn't sit there and wait for nature to take its course. He commenced payments when he thought he should, and when I thought he should.

"I read [the alimony order] several times. That is the way I interpreted it. I don't think it is contempt. If Your Honor construes it that way, you are the one that wrote it, we will live by it. But it is not contempt, I don't think."

less, found the plaintiff in contempt and ordered him to pay an arrearage of $200, plus $200 in attorney's fees and a $25 filing fee.

The correct interpretation of the trial court's alimony order is not the issue before us. Rather, the narrow question for us to decide is whether the plaintiff acted contemptuously in delaying the commencement of payments for two weeks.

To constitute contempt a party's conduct must be wilful. *Connolly* v. *Connolly*, 191 Conn. 468, 482–83, 464 A.2d 837 (1983). "The contempt remedy is particularly harsh . . . and may be founded solely upon some clear and express direction of the court. . . . One cannot be placed in contempt for failure to read the court's mind." (Citations omitted; internal quotation marks omitted.) *Blaydes* v. *Blaydes*, 187 Conn. 464, 467, 446 A.2d 825 (1982).

A good faith dispute or legitimate misunderstanding of the terms of an alimony or support obligation may prevent a finding that the payor's nonpayment was wilful. In the present case, the plaintiff was making the required $100 per week payments at the time of the hearing on the motion for contempt. He advanced a reasonable basis for starting his payments when he did and expressed a willingness to make the two "missing payments" if the trial court's interpretation of the amended order so required.

Our Supreme Court addressed a similar situation in *Connolly* v. *Connolly*, supra, 191 Conn. 483, in which it held that "[t]he [payor's] conduct cannot be reasonably viewed as wilful disobedience of a court order. He had adequately demonstrated a willingness to make up the requisite payments once the court concluded he was legally bound to do so."

When the trial court in the present case interpreted its alimony order to require the making of the "missing

payments," it should have accepted the plaintiff's offer to make them without finding him in contempt. *Tomanelli* v. *Tomanelli*, 5 Conn. App. 149, 150, 497 A.2d 91, cert. denied, 197 Conn. 814, 499 A.2d 63 (1985). "The fact that [an alimony] order had not been complied with fully . . . does not dictate that a finding of contempt must enter. It is within the sound discretion of the court to deny a claim for contempt when there is an adequate factual basis to explain the failure to honor the court's order." *Marcil* v. *Marcil*, 4 Conn. App. 403, 405, 494 A.2d 620 (1985). We conclude that there was an inadequate basis to find that the plaintiff's nonpayment was wilful. Consequently, the contempt finding cannot stand.

The judgment opening the stipulated judgment of dissolution is affirmed, the finding of contempt is reversed and the case is remanded with direction to deny the defendant's motion for contempt.

In this opinion the other judges concurred.