[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CORRECTED MEMORANDUM OF DECISION
It is unnecessary to track in detail the tortured history of this fourteen year old case dealing with the issue of garbage collection, but it can be compacted in an attempt to summarize its path.
The action is in the nature of a writ of mandamus
to compel the city of Stamford to provide garbage and refuse collection to the plaintiffs, seven condominium associations, pursuant to city ordinance. The suit was instituted in December, 1984 and a stipulation between the parties, ostensibly settling the controversy, was entered into on September 16, 1986. That agreement, made in open court, calls for the City of Stamford, no later than December 1, 1986 to commence collection of refuse from the plaintiffs' condominiums and cooperatives, or to compensate the plaintiffs for the cost of collection.
Tranquility, however, was short lived when the plaintiffs filed a motion for contempt on December 24, 1986, once again dumping the garbage issue into the hands of the court. The plaintiffs claim in their motion that the defendant, rather than collecting refuse as agreed, instituted a reimbursement plan which did not fully compensate the plaintiffs for the cost of collection charged by outside haulers. A hearing on this motion was held before a judge of this court on July 31, 1987, and judgment was entered upon the stipulation of September 16, 1986.
More than nine years later, on September 18, 1996, the plaintiffs moved for contempt, claiming that the defendant had failed to collect the refuse of some of the plaintiffs and that they failed to reimburse others 100% of the cost of private removal. This motion was heard before the undersigned, and it is the motion addressed herein.[1]
The sole issue in this case is whether the defendant City of Stamford is in contempt of court with respect to the judgment CT Page 15158 entered on July 31, 1987. This court finds that it is not.
"Courts have inherent power to coerce compliance with their orders through appropriate sanctions for contemptuous disobedience of them. . . . The contempt remedy is particularly harsh; . . . and may be founded solely upon some clear and express direction of the court. . . . One cannot be placed in contempt for failure to read the court's mind. . . . Recognizing those basic tenets, most courts, in deciding whether a contempt has occurred, have refused to expand judgments by implication beyond the meaning of their terms. . . ." (Citations omitted; internal quotation marks omitted).Blaydes v. Blaydes, 187 Conn. 464, 467, 446 A.2d 825 (1982). "To constitute contempt a party's conduct must be willful . . ." (Citation omitted); Jenks v. Jenks, 39 Conn. App. 139, 142,663 A.2d 1123 (1995).
The plaintiffs here allege that the defendant is in contempt of the judgment of July, 1987 which was entered in accordance with the September 16, 1986 stipulation between the parties. Recalling that stipulation, the City of Stamford was obligated to collect refuse from condominiums or compensate them for the cost thereof. That stipulation contains no mention of a formula for reimbursement or any parameters. In reading the transcript of the record of July 31, 1987 made at the time of the judgment, the court finds that no further orders were made. There was extensive monologue by the court, and colloquy with counsel. There was discussion as to what "compensate" means, discussion of unreasonable reimbursement, and reimbursement "close to a hundred percent", and of reasonable reimbursement "within the concept of a hundred percent". There were references to the new ordinance which had been recently enacted after the stipulation of 1986, and comments that the city was abiding by the reimbursement rate set up in that ordinance. The plaintiffs argue that the judgment of 1987 took precedence over the ordinance.
The judgment of 1987 was entered ". . . in accordance with the stipulation of September 16, 1986, as modified in accordance with the philosophy and remarks as set forth by the court today . . ." There was vague discussion of what the parties were attempting to do, but there were no orders beyond the stipulation of September 16, 1986. At best, that judge recognized that the parties might disagree in the future about reimbursement, and that they were entitled to come back to "argue for more or less reimbursement." It was also recognized that the city had the right to collect the refuse rather than to reimburse the CT Page 15159 plaintiffs for private hauling costs.[2]
It appears that the city has opted to perform the collection for at least six of the seven plaintiffs' condominiums, and that only Heywood Heights is pursuing this motion.[3] There was no evidence that the city's rate of reimbursement was unreasonable "within the concept of a hundred percent", nor was there evidence as to the services the plaintiffs received for the monies paid to the private haulers. There was no evidence that the city refuses to collect and does not properly or reasonably reimburse the plaintiffs.
In summary, because the judgment of 1987 contains no specific orders, this court cannot discern precisely what the defendant was required to do. If the court cannot determine what orders were violated, it can hardly expect the defendant to do so. A judgment entered ". . . in accordance with the philosophy and remarks as set forth by the court . . . " is no order upon which a motion for contempt can be grounded. Contempt ". . . can be founded solely upon some clear and express direction of the court. . . . One cannot be placed in contempt for failure to read the court's mind. . . ." Blaydes v. Blaydes, supra,187 Conn. 467. The court, therefore, finds the defendant's conduct not to be willful; Jenks v. Jenks, supra, 39 Conn. App. 142; accordingly, the plaintiffs' motion for contempt is denied.
So Ordered.
D'ANDREA, J.