[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is a motion for contempt claiming the defendant, Frances Burger, has violated the terms of a temporary injunction previously issued by this court on September 14, 2000. The temporary orders enjoin the defendant from denying the plaintiffs, Leslie Sutton, Trustee and Alfred Suesser, Trustee, access over the defendant's property to an adjacent beach. The plaintiffs claim that the defendant has violated the injunction, but the court finds that the motion for contempt must be denied for the reasons hereinafter set forth.
A brief history of the case is required. This is essentially an equitable action seeking a temporary and permanent injunction prohibiting the defendant from denying the plaintiffs access over defendant's land to an adjoining beach by way of an express grant of an easement to a predecessor in title to the plaintiffs. The complaint also seeks a judgment declaring the plaintiffs' beach rights, rights of access thereto, and other rights in and over the defendant's property.
An evidentiary hearing was held on the request for a temporary injunction. The precise issue addressed was whether a 1927 grant of an easement to one Florence Hoyt, a predecessor in title of the plaintiffs, was personal to her or was to run with the land and inure to the benefit of her successors, including the plaintiffs. The court, for the reasons set forth in its decision, granted a temporary injunction with the following temporary orders:
 "The defendant Frances Burger is enjoined from denying the plaintiffs, or any persons claiming under them, reasonable access over Lot Three on Map 695 and its extension to the north, to and from the beach located to the north of Lot Two on said map.
 For the purposes of this temporary injunction, the court deems reasonable access to be pedestrian use of the gate existing on the dividing line of the CT Page 12748 properties across Lot Three in a direct line to the beach."
In its decision, the court stated: "The Court emphasizes that it is acting upon a temporary injunction after a limited hearing and that the parties still have before them a full hearing on the merits. The Court enters its order on the equities of the case it sees today pursuant to the evidence presented."
The foregoing orders were issued on September 14, 2000 and the present; motion for contempt was filed in May, 2001 and heard on June 4, 2001. At the evidentiary hearing on that day, it became clear that the controversy now involves not whether the easement was personal to Florence Hoyt or runs with the land, but rather whether guests or invitees of the occupants of the plaintiffs' property may use the easement as access to the beach. The persons occupying the plaintiffs' house are Mr. Timothy Nee, a tenant, and three other persons, apparently subtenants.[1] The tenants have permitted invitees, being relatives or friends, to use the easement as access to the beach. Mr. Nee and others have employed the right-of-way for the purpose of launching their kayaks from the beach. The defendant does not claim that, under the court's existing temporary orders, the tenants can not use the easement. She interprets the language of the court's orders to mean that the use is limited to "the plaintiffs or any persons claiming under them," such as the tenants here. The plaintiffs' position is that not only may the tenants use the access to the beach, but the reasonable use thereof by the invitees of the tenants is also permitted, and that the defendant's efforts to bar them from such use violated the court's injunction.
The phrase ". . . and all persons claiming under them . . . ", used in the court's order of temporary injunction refers to, and was meant to refer to, the successors, heirs and assigns of the original grantee of the easement, Florence Hoyt. This is implicit in the finding by the court that the easement was one running with the land and not personal to Hoyt. Not decided by the court at the temporary injunction hearing was the scope of the words "persons claiming under them." The issue of who would be embraced by the term "successor," other than the fee owners and their tenants, was never before the court. It was never raised by the parties and the court was not presented with any evidence or legal claim concerning the extent to which guests and/or invitees were entitled to use the easement if it were deemed to run with the land. The court is not inclined to expand its decision by granting a motion for contempt of a temporary order. "Courts have inherent power to coerce compliance with their orders through appropriate sanctions for contemptuous disobedience of them. . . . The contempt remedy is particularly harsh; . . . And may be founded solely upon some clear and express direction of the CT Page 12749 court. . . . One cannot be placed in contempt for failure to read the court's mind. . . . Recognizing those basic tenets, most courts, in deciding whether a contempt has occurred, have refused to expand judgments by implication beyond the meaning of their terms . . ." (Citations omitted; internal quotation marks omitted). Blaydes v.Blaydes, 187 Conn. 464, 467, 446 A.2d 825 (1982). "To constitute contempt a party's conduct must be willful . . . "(Citation omitted); Jenks v. Jenks, 39 Conn. App. 139, 142,663 A.2d 1123 (1995); Heywood Heights Association, Inc. v. City ofStamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 84 0073616 (Dec. 21, 1998) (D'Andrea, J.).
At this point, the court interprets the phrase "the plaintiffs or any persons claiming under them" as used in the language of the court's temporary orders to mean the present or current fee owner and actual bonafide tenants and subtenants of the premises. Whether the easement in fact extends to others, such as invitees of the owner or tenants, can be determined after full hearing on the permanent injunction if, indeed, similar orders are then entered.
Meanwhile, the defendant may deny access across her property to all but the fee owners of the plaintiffs' property, and bonafide tenants and subtenants thereof whose names are furnished in writing to the defendant. The defendant may not, I personally or by agent, deny such persons the use of the beach or access thereto as described in the temporary orders of this court dated September 14, 2000, and she will do so at her peril.
The plaintiffs' motion for contempt is denied, as are their requests for the further orders set forth in the said motion.
So Ordered.
D'ANDREA, J.T.R.